FILED

2009 Oct-01  AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBIN BLALOCK, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | <u>Case number:</u> |
| | ) | |
| v. | ) | 2:08-cv-01921-RRA |
| | ) | |
| MACDILL SERVICE CORPORATION, | ) | |
| formerly MACDILL FEDERAL CREDIT | ) | |
| UNION SERVICE CORPORATION, a | ) | |
| corporation; MULTI-UNIT SERVICES, d/b/a | ) | |
| CONNECTICUT RECOVERY CENTER OF | ) | |
| AMERICA, a corporation, MARTIN | ) | |
| MELSON, an individual. | ) | |
| | ) | |
| DEFENDANTS | ) | |

**Memorandum Opinion**

The case comes before the court on the Report and Recommendation (doc. 23) as to motions to dismiss filed by the defendants. (docs. 15, 16.) On August 12, 2009, the magistrate recommended that the motions be granted as to all counts and all defendants except count one as against MUS and Melson, and count three to the extent it makes a claim that MUS and Melson invaded the plaintiff's privacy by "misrepresenting themselves to Cingular wireless, thereby accessing the Plaintiff's personal cell phone records." (doc. 23.) The plaintiff has filed an objection to the report and recommendation and incorporated within the objection a motion to amend the complaint once again. (doc. 25.) The defendants oppose the motion to amend. (doc. 26.)

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court is of the opinion that the

1

magistrate judge's report is due to be and is hereby ADOPTED and ACCEPTED as to the dismissal of Counts Two, Five, Six, and Seven and the denial of Plaintiff's motion to amend; however, the court does not accept or adopt the magistrate judge's report as to the dismissal of Counts One, Three, and Four. The motions to dismiss will be granted in part and denied in part.

**1.  The court DOES NOT ADOPT the recommendation that Counts One and Three should be dismissed.**

Plaintiff has alleged sufficient facts to withstand Defendants' motion to dismiss the negligence/wantonness and invasion of privacy counts.

Plaintiff cites *Thrash v. Credit Acceptance Corp.*, 821 So. 2d 968, 971 (Ala. 2001) for the proposition that a creditor can be held liable for the alleged wrongdoing of an independent contractor.  In *Thrash*, plaintiffs sued their creditor and the company the creditor employed to repossess plaintiffs' car for negligence, wrongful repossession, and trespass. *Id.* at 971.  The Supreme Court reversed the lower court's grant of summary judgment in favor of the creditor. The Supreme Court based its decision on the finding that the plaintiff presented substantial evidence that the creditor's "repo man" was an employee rather than an "independent contractor." *Id.* at 972.

In a special concurrence, Justice Johnstone noted that whether the "repo man" was an employee or independent contractor, the creditor would still be liable. *See id.* at 975.  Justice Johnstone stated that the creditor owed the plaintiffs a non-delegable duty not to commit trespass and not to injure them or to breach the peace in effecting repossession. *Id.* at 974-75 (citing *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045 (Ala. 1987) ("Assuming, without deciding, that the status of [repossession company] as an independent contractor was undisputed by the evidence, defendant

could not delegate to [repossession company] its liability for the wrongful manner in which the repossession was accomplished.")).

Although the Plaintiff in the instant case did not cite to *Gen. Fin. Corp.*, the relevant law cited therein is articulated much clearer than in *Thrash*. In *Gen. Fin. Corp.*, the Alabama Supreme Court stated the well-settled rule that an employer generally is not liable for the tortious acts committed by an independent contractor. 505 So. 2d at 1047. But, the Court noted the exception that "an employer is responsible for the manner of the performance of certain non-delegable duties, though done by an independent contractor. An employer who by contract or law owes a specific duty to another cannot escape liability for a tortious performance by reason of the employment of an independent contractor." *Id.* Alabama law states that "[u]nless otherwise agreed a secured party has on default the right to take possession of collateral. In taking possession a secured party may proceed without judicial process if this can be done *without breach of the peace*." Ala. Code § 7-9-503 (1975) (emphasis added). Thus, Defendant MacDill had a non-delegable duty not to breach the peace.

The Alabama Supreme Court has defined the phrase "breach of the peace" as any "situation tending to disturb the public order" *Reno v. Gen. Motors Acceptance Corp.*, 378 So. 2d 1103, 1105 (Ala. 1979), and "a disturbance of public tranquility, by any act or conduct inciting to violence or tending to provoke or excite others to break the peace, or, as is sometimes said, *it includes any violation of any law enacted to preserve peace and good order*." *Madden v. Deere Credit Servs., Inc.*, 598 So. 2d 860, 865 (Ala. 1992) (emphasis added).

In her complaint, Plaintiff alleges that Defendant MacDill hired Defendant MUS and Melson to repossess Plaintiff's car. Plaintiff claims that MUS and Melson, in an attempt to repossess,

3

harassed, threatened, and abused Plaintiff.  Plaintiff sufficiently alleges that Defendants MUS and Mulson breached the peace in an attempt to repossess her car because harassment, threats, and abuse are all violations of Alabama law "enacted to preserve peace."  Pursuant to Alabama law, the court will deny MacDill's motion to dismiss as to counts I and III.

**2.  The court AGREES that Count Four should be dismissed, but for a different reason.**

To establish a prima facie case of defamation, plaintiff must show (1) that defendant was at least negligent (2) in publishing (3) a false and defamatory statement to another (4) concerning plaintiff, (5) which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod). *Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003) (citations omitted).

Plaintiff's Amended Complaint (doc. 14) alleges facts sufficient to meet the first four elements of defamation.  Plaintiff alleges that Defendants MUS and Melson, in an attempt to collect a debt owed to Defendant MacDill, called Plaintiff's relatives.  During these calls, Defendants called Plaintiff a "bitch" and said they were going to "track the Plaintiff down like a dog [and] send law enforcement after her to arrest her."  Plaintiff also alleges that Defendants untruthfully told her relatives that "legal process had issued for the arrest of Plaintiff."  Further, Plaintiff alleges that Defendants knowingly made the false statements to her relatives.

 The magistrate stated that Plaintiff made no allegation that Defendants made false statements to third parties; however, Plaintiff does allege that the false statements were in fact made to third parties in paragraph 76 of her amended complaint.

Allegedly defamatory language is actionable if it is "understood to impute dishonesty or corruption to an individual." *Camp v. Yeager*, 601 So. 2d 924, 927 (Ala. 1992).  Plaintiff has alleged

4

facts sufficient to show that Defendants knowingly made actionable, false statements about Plaintiff to Plaintiff's relatives.

Plaintiff's complaint, however, fails to sufficiently allege the fifth element of defamation: damages. Damages are implied by law when the false statement imputes "an indictable offense involving infamy or moral turpitude." *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 896 (Ala. 2004) (describing the elements of "slander per se"). Here, Defendants MUS and Melson imputed to Plaintiff the commission of a crime; Defendants told Plaintiff's relatives that they were going to track Plaintiff down like a dog and that she was going to be arrested by law enforcement personnel. However, Plaintiff does not allege that Defendants stated that she would be arrested for a crime involving infamy or moral turpitude; therefore, the Plaintiff's damages are not implied by law.

A plaintiff who does not sufficiently allege slander per se must plead special damages. *Anderton v. Gentry*, 577 So. 2d 1261, 1264 (Ala. 1991). Plaintiff alleges "damages including, but not limited to, inter alia, damage to reputation, obloquy, public humiliation, sham, embarrassment, contempt, ridicule, aversion, degradation, disgrace, and the Defendant disparage the Plaintiffs [sic] in their office, profession, or trade." (doc. 14).

The court will dismiss Plaintiff's defamation claim because Plaintiff's complaint does not specifically allege special damage. Evidence of special damages is evidence that the untrue statements resulted in a "material loss capable of being measured in money." *Butler v. Town of Argo*, 871 So. 2d 1, 19 (Ala. 2003). Alabama law requires that special damages be specifically stated; without the specific statement, "[a] complaint does not state a claim upon which relief can be granted." *Id.* at 18-19.

5

Because Plaintiff has not specifically alleged special damages, the court will dismiss Plaintiff's defamation claim as to all defendants.

In all other respects, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.  Further, the court finds that the plaintiff's motion to amend is due to be DENIED.  An appropriate order will be entered.

DATED this the 30th day of September, 2009.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE