FILED

2010 Mar-31  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBIN BLALOCK,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-08-BE-1921-S** |
| | ] | |
| **MACDILL SERVICE CORPORATION** | ] | |
| **formerly doing business as** | ] | |
| **MACDILL FEDERAL CREDIT UNION** | ] | |
| **SERVICE CORPORATION, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

This matter comes before the court on MacDill's Rule 59(e) Motion and Supporting

Memorandum of Law for Reconsideration of Memorandum Opinion and Order (doc. 31).  For

the reasons stated below, the court finds that the motion is due to be granted and that the

Memorandum Opinion (doc. 28) and Order (doc. 29) previously entered are due to be withdrawn

and vacated.

MacDill challenges the grounds on which the undersigned rejected Judge Armstrong's

recommendation that Count One for negligence/wantonness and Count Three for invasion of

privacy be dismissed against it.  MacDill argues that it cannot be held liable as a matter of law for

the actions of Multi-Unit Services, Inc. and Melson as they were independent contractors.

Ordinarily, whether a third party qualifies as an independent contractor or an agent of the

defendant is a question of fact better resolved beyond the pleading stage.  *See Campbell v.*

*Employers Ins. Co. of Ala.*, 521 So. 2d 924, 927 (Ala. 1988) ("Whether one is the agent of

another is ordinarily a question of fact to be decided by the jury.") (quoting *Brown v. Commercial Dispatch Publishing Co.*, 504 So. 2d 245, 246 (Ala. 1987)).

Further, the Alabama Supreme Court has recognized that a creditor can be held liable, at least in part, for the actions of a third party apart from repossession of collateral when those actions amounted to invasion of privacy. *See Jacksonville State Bank v. Barnwell*, 481 So. 2d 863 (Ala. 1985). In affirming a jury verdict against the Bank for invasion of privacy, the Court itemized actions taken directly by the Bank to collect the debt, as well as actions and statements by the person it hired to repossess a car even though he did not repossess the car. *Id.* at 865 and 866. The Court further found that whether the third party was an agent for the Bank and whether he acted within the scope of his agency were issues of fact. *Id.* at 866.

Regardless of whether Alabama law would hold MacDill liable for an invasion of privacy by Multi-Unit Services, Inc. and Melson, upon a closer review of the Complaint, the court finds that the Plaintiff failed to allege sufficient facts to even raise such an issue. As more particularly set out in the Report and Recommendation, the Complaint never alleges that Multi-Unit Services, Inc. or Melson were agents or employees of MacDill, or that they acted within the line and scope of their employment or agency. Therefore, the court agrees with Judge Armstrong that the claims against MacDill based upon conduct of Multi-Unit Services, Inc. and/or Melson and its hiring of them are due to be dismissed.

Upon reconsideration the court further finds that the Report and Recommendation is due to be adopted in its entirety. The court further finds that the motion to dismiss by MacDill is due to be granted in its entirety, and that the motion to dismiss as to Multi-Unit Services, Inc. and Melson is due to be granted except as to Count One and as to Count Three to the extent it claims

that these defendants invaded Plaintiff's privacy by "misrepresenting themselves to Cingular

Wireless, thereby accessing the Plaintiff's personal cell phone records."

A separate order will be entered simultaneously.

DONE and ORDERED this 31st day of March 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE